# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01148-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

　　　　The Prison Litigation Reform Act of 1995 provides, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

　　　　In the Complaint, Plaintiff checks the boxes that there is grievance procedure at the facility where he is housed and that he submitted a request for administrative relief on all of his claims. (Doc. 1, pp. 3-5.) However, he checked the box indicating that he did not appeal any of

1

his claims raised in this action to the highest level. (*Id.*) In his first claim, the reason Plaintiff states that he did not appeal the issues to the highest level is "Refused by staff cannot file Tort because jail won't fill out my petition to proceed in forma pauperis." (*Id.*, p. 3.) For his second and third claims, plaintiff merely repeated the first three words of his explanation "Refused by staff." (*Id.*, pp. 4, 5.) Plaintiff fails to show what part jail staff's refusal to enter the information at the bottom of Plaintiff's application to proceed in forma pauperis played in the administrative remedies procedures of the jail. Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **September 17, 2018**        /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE