# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>            Plaintiff,<br><br>      v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>            Defendants. | 1:18-cv-01148-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 1, 15, 19)<br><br>**21-DAY DEADLINE**<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS MATTER** |

       On November 27, 2018, the Court screened the Complaint and granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal ("the First Screening Order"). (Doc. 15.) The Court warned Plaintiff that his failure to comply with that order would result in dismissal of this action for his failure to obey a court order and for failure to state a cognizable claim. (*Id*.) Plaintiff requested, and the Court granted, an extension of time to file an amended complaint. (Docs. 16, 17, 18.) However, despite lapse of the requested extension, Plaintiff has not filed an amended complaint or other response to the First Screening Order. Thus, on March 21, 2019, the Court ordered the Plaintiff to show cause why this action should not be dismissed because of his failure to comply with the First Screening Order and failure to state a cognizable

1

claim. (Doc. 19) Alternatively, the OSC allowed Plaintiff to file a first amended complaint or a notice of voluntary dismissal. (*Id.*) More than the time allowed has lapsed and Plaintiff has filed nothing.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Based on Plaintiff's failure to comply with or otherwise respond to the OSC, there is no alternative but to dismiss the action.

Accordingly, the Court RECOMMENDS that this action be dismissed with prejudice based on Plaintiff's failure to obey a court order, failure to prosecute this action, and failure to state a claim. The Clerk of the Court is directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Plaintiff may file written objections with the Court **within 21 days** after being served with these Findings and Recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

2

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 24, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE